NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEVIN CURTIS,

    Plaintiff,

    v.

ANTHONY CURETON, *et. al.*,

    Defendants.

No. 26cv6001 (EP)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

*Pro se* Plaintiff Devin Curtis, a New Jersey pretrial detainee at Bergen County Jail in Hackensack, New Jersey, has filed a civil rights complaint in which she alleges that she was diagnosed with gender dysphoria and Defendants denied her housing in the female housing unit at Bergen County Jail, in violation of the Equal Protection Clause of United States Constitution under 42 U.S.C. § 1983; the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-1 *et seq.*; the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 *et seq.*; and the Americans with Disabilities Act, 42 U.S.C. § 12132.  D.E. 1 ("Complaint") at 3-8.[1]

It is well established that district courts must liberally construe *pro se* pleadings, a directive that includes identifying a cause of action even if the plaintiff themself does not.  *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Thus, the Court construes the Complaint as alleging that Defendants are subjecting Plaintiff to a substantial risk of serious harm to her safety by housing her with male inmates.  *See Kalu v. Spaulding*, 113 F.4th 311, 343 (3d Cir. 2024) ("The Eighth Amendment requires prison officials to ensure a prisoner's 'reasonable safety.'" (quoting *Helling*

---

[1] Page citations are to the page numbers assigned by the Court's Case Management and Electronic Case Filing system, CM/ECF.

*v. McKinney*, 509 U.S. 25, 33 (1993)); *see also Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) ("[A]n inmate who at all relevant times was either not yet convicted or convicted but not yet sentenced—had a clearly established constitutional right [under the Fifth or Fourteenth Amendment Due Process Clause] to have prison officials protect [them] from inmate violence"), *abrogated on other grounds as recognized by Fisher v. Hollingsworth*, 115 F. 4th 197, 204 (3d Cir. 2024). Nor must a prisoner "seeking a remedy for unsafe conditions to await a tragic event such as an actual assault before obtaining relief." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (citation modified).

Pursuant to 28 U.S.C. § 1915A, this Court has screened the Complaint for *sua sponte* dismissal of claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief, and determined that the Complaint may proceed past screening. There is a $350 filing fee and $55 administrative fee for filing a civil action in the District of New Jersey. L. Civ. R. App'x K, Schedule of Fees; 28 U.S.C. § 1914(b). Plaintiff did not pay the filing and administrative fees. Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L. Civ. R. 5.1(f).

Local Civil Rule 5.1(f) states, "[a]ny papers received by the Clerk without payment of such fees as may be fixed by statute or by the Judicial Conference of the United States for the filing thereof shall be marked 'received' and the date and time of receipt shall be noted thereon."

2

If, however, a plaintiff is unable to afford the filing fee, she may alternatively submit an application to proceed *in forma pauperis* ("IFP application") under 28 U.S.C. § 1915(a).  Pursuant to 28 U.S.C. § 1915(a):

> (1) . . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff has neither paid the filing fee nor submitted an IFP application.  Nevertheless, this Court "has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *accord Folk v. Santiago*, No. 23-21202, 2025 WL 1823089, at *3 (D.N.J. July 2, 2025) (screening complaint despite denial of the plaintiff's IFP application).  Exercising that discretion, and accepting Plaintiff's allegations of a substantial risk of serious harm to her safety as true, the Court will defer a determination of whether Plaintiff will be granted IFP status and proceed the Complaint without delay.

Finally, district courts have discretion to *sua sponte* appoint pro bono counsel to indigent civil litigants.  *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); 28 U.S.C. § 1915(e)(1). Plaintiff's difficulty in pursuing this matter from the confines of a county jail and the alleged imminent danger to Plaintiff's safety warrant appointment of pro bono counsel at this early stage

3

of the proceeding.  Plaintiff shall have **30 days** following the appointment of pro bono counsel to pay the filing fee or submit a properly completed IFP application to avoid dismissal of this action without prejudice for failure to prosecute.

Accordingly,

**IT IS**, on this **4th** day of June, 2026,

**ORDERED** that the Complaint, in its entirety, may **PROCEED** past screening under 28 U.S.C. § 1915A(b), and the Clerk shall file the Complaint; and it is further

**ORDERED** that, to avoid potential dismissal of this action *without prejudice* for failure to prosecute under Federal Rule of Civil Procedure 41(b), Plaintiff shall, within **30 days** of the appointment of pro bono counsel, either: (1) submit a properly completed IFP application under 28 U.S.C. § 1915(a) or (2) pay the $405 civil filing and administrative fees, pursuant to 28 U.S.C. § 1914(b) and District of New Jersey Local Civil Rules, Appendix K; and it is further

**ORDERED** that the Clerk shall send Plaintiff a blank form "Affidavit of Poverty and Account Certification (Civil Rights)" DNJ-Pro Se-007-A-(Rev.12/2023); and it is further

**ORDERED** that the Court requests pro bono counsel to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1); and it is further

**ORDERED** that the Clerk shall select an attorney for appointment from the Civil Pro Bono Panel; within **14 days** of appointment, Pro Bono Counsel shall enter an appearance in this matter; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copy of Form USM-285; and it is further

4

**ORDERED** that Plaintiff shall complete Form USM 285 for service on Defendant Anthony Cureton and return it to the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101; and it is further

**ORDERED** that upon Plaintiff's sending of the completed form to the Clerk of the Court, the Clerk shall issue summons, and a United States Marshal shall serve a copy of the Complaint, D.E. 1, summons, and this Order upon Defendant Anthony Cureton pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendant Anthony Cureton shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

Evelyn Padin, U.S.D.J.